UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENE WILFREDO ALVARADO UMANZOR,

    Petitioner,

v.

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security, et al.,

    Respondents.

Civil No. 05-621-HA

ORDER OF TRANSFER

HAGGERTY, Chief Judge:

    Petitioner filed a petition under 28 U.S.C. § 2241 in which he sought an Order declaring his eligibility for relief from deportation under Section 212(c) of the Immigration and Nationality Act (hereinafter referred to as 212(c) relief). Petitioner previously submitted an application for 212(c) relief to respondents, who concluded that petitioner was ineligible for such relief. Petitioner asserts now that he is entitled to a hearing on his 212(c) application, and that a denial of such a hearing violates his rights under the Fifth Amendment of the United States Constitution and also violates the Immigration and Nationality Act.

1 - ORDER OF TRANSFER

Respondents move to dismiss or, alternatively, to transfer this action. Petitioner agrees that respondents' motion to transfer this matter to the United States Court of Appeals for the Ninth Circuit for adjudication should be granted. This transfer is premised upon the enactment of the REAL ID Act, found in Division B of H.R. 1268, the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, Pub. L. No. 109-13, 119 Stat. 231. This act provides in part that in some cases in which an alien challenges an administrative removal order by means of an 28 U.S.C. § 2241 habeas petition that was pending on the date of enactment (May 11, 2005), the "district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed." *Id*. at § 106.

There is no dispute asserted that petitioner is challenging an administrative order made in the context of a removal proceeding, and that his habeas petition was pending on May 11, 2005. The Ninth Circuit is the proper venue. *See* 8 U.S.C. § 1252(b)(2) (venue is in the circuit in which the removal hearing was conducted).

In this case, the parties were provided the opportunity to stipulate to, or to brief the propriety of, transfer. Because respondents have moved (in the alternative) to transfer, and petitioner concurs, the court deems the parties to have both briefed the propriety of transferring and to be in concurrence. This court agrees that the case is appropriate for transfer. By this Order, this action is expressly transferred to the Ninth Circuit Court of Appeals as a Petition for Review. That court is advised that petitioner has never sought a stay

of removal from the district court in this action. The Clerk is instructed to transmit the entire case file to the Court of Appeals simultaneously with this Transfer Order.

CONCLUSION

Respondents' Motion to Dismiss or in the Alternative to Transfer to the Ninth Circuit [5] is granted in part and denied in part as follows: respondents' Motion to Dismiss is denied; respondent's Motion in the Alternative to Transfer is granted. This matter is transferred in its entirety to the United States Court of Appeals for the Ninth Circuit. The Clerk is instructed to transmit the entire case file to the Court of Appeals simultaneously with this Transfer Order.

IT IS SO ORDERED.

DATED this __20__ day of January, 2006.


    /s/Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge